UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL BELL, ) | |
| ) | Case No. 1:07CV3224 |
| Plaintiff, ) | |
| ) | |
| vs. ) | JUDGE CHRISTOPHER BOYKO |
| ) | (Magistrate Judge McHargh) |
| CITY OF CLEVELAND, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM |
| ) | AND ORDER |
| ) | |

McHARGH, Mag.J.

Before the court is a motion filed by defendant Officer Richard A. Delvecchio ("Delvecchio") for an order, under Civil Rule 7(a), directing the plaintiff to file a reply to defendant Delvecchio's answer. (Doc. 14, 18.)

The plaintiff Carol Bell ("Bell"), individually and as administrator of the estate of Henry Bell ("Henry" or "the decedent"), has filed an action under 42 U.S.C. §§ 1983 and 1988, against defendants City of Cleveland ("the City"), Officer Delvecchio, the Cuyahoga Metropolitan Housing Authority, and John Does 1-15. (Doc. 1.)

The complaint contains seven counts, namely, 1) an action under 42 U.S.C. § 1983, alleging an excessive use of force; 2) failure of the City to train and supervise

its police officers; 3) wrongful death, pursuant to Ohio Rev. Code §§ 2125.01-2125.03; 4) survivorship; 5) willful, wanton, and reckless conduct; 6) assault and battery; and 7) spoliation of evidence. The complaint arises from the shooting death of Henry Bell, allegedly at the hands of defendant Cleveland police officer Delvecchio.

In his answer, defendant Officer Delvecchio states that he is entitled to qualified immunity. (Doc. 9, at ¶¶ 1, 8, 30.)

DOCTRINE OF QUALIFIED IMMUNITY

The issue of qualified immunity must be addressed at the earliest possible point in the litigation. Saucier v. Katz, 533 U.S. 194, 200-201 (2001); Siegert v. Gilley, 500 U.S. 226, 232 (1991). The Supreme Court has stated that, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818-819 (1982). The Court has clarified that the inquiry regarding qualified immunity is distinct from the merits of the excessive force claim itself. Saucier, 533 U.S. at 204; Dunigan v. Noble, 390 F.3d 486, 491 n.5 (6th Cir. 2004).

A government official who is performing a discretionary function is entitled to qualified immunity from suit[1] as long as his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would

---

[1] Qualified immunity is an immunity from suit, rather than a mere defense to liability. Saucier, 533 U.S. at 200; Dunigan, 390 F.3d at 490.

2

have known." Painter v. Robertson, 185 F.3d 557, 567 (6th Cir. 1999) (quoting Harlow, 457 U.S. at 818). In other words, any "objectively reasonable" action by a state officer, as assessed in the light of clearly established law at the time of the conduct at issue, will be protected by qualified immunity. Painter, 185 F.3d at 567. Qualified immunity is a purely legal question which must be determined early in the proceedings. Saucier, 533 U.S. at 200; Siegert, 500 U.S. at 232.

The defendant bears the initial burden of coming forward with facts which suggest that he was acting within the scope of his discretionary authority at the time in question. Rich v. City of Mayfield Heights, 955 F.2d 1092, 1095 (6th Cir. 1992). (The defendant here has met his initial burden: it is uncontested that Officer Delvecchio was acting in his official capacity.)

The burden then shifts to the plaintiff. The ultimate burden of proof is on the plaintiff to show that the defendant is not entitled to qualified immunity. Untalan v. City of Lorain, 430 F.3d 312, 314 (6th Cir. 2005); Cartwright v. City of Marine City, 336 F.3d 487, 490-491 (6th Cir. 2003) (citing Rich, 955 F.2d at 1095); Hamilton v. Myers, 281 F.3d 520, 531 (6th Cir. 2002). Upon the assertion of qualified immunity in a motion for summary judgment, the plaintiff must put forward "specific, nonconclusory factual allegations" that would defeat the immunity. Siegert, 500 U.S. at 236 (Kennedy, J., concurring).

The Supreme Court directs that the plaintiff must establish two factors to show that the defendant is not entitled to qualified immunity from suit: 1) that the facts as alleged show a violation of a constitutional right, and 2) that the right

3

violated was clearly established. Saucier, 533 U.S. at 201; Livermore v. Lubelan, 476 F.3d 397, 403 (6th Cir. 2007) (two-tiered inquiry); Griffith v. Coburn, 473 F.3d 650, 656 (6th Cir. 2007) (two-pronged inquiry); Smith v. Cupp, 430 F.3d 766, 773 (6th Cir. 2005); Dunigan, 390 F.3d at 491. The threshold inquiry is this: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201. If the allegations would establish no violation of a constitutional right, then it is unnecessary to inquire further. Saucier, 533 U.S. at 201.

On the other hand, if the factual allegations favorably viewed show a violation, the next step is to determine whether the right was clearly established. This inquiry "must be undertaken in light of the specific context of the case, not as a general broad proposition." Id. The relevant inquiry in determining whether a right is clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Brosseau v. Haugen, 543 U.S. 194, 199 (2004); Saucier, 533 U.S. at 202. If the law does not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. Saucier, 533 U.S. at 201.

"In other words, where a constitutional violation exists, an officer's personal liability turns on the 'objective legal reasonableness' of the action in view of the circumstances the officer confronted assessed in light of 'clearly established' legal rules." Dunigan, 390 F.3d at 491 (citing Saucier, 533 U.S. at 202; Anderson v. Creighton, 483 U.S. 635, 639 (1987)).

CIVIL RULE 7(A)

Federal Civil Rule 7(a) provides that the court may order a reply to an answer. Fed. R. Civ. P. 7(a)(7). Delvecchio argues that, in light of his assertion of qualified immunity, the court should direct the plaintiff to respond to his answer "and set forth specific facts to demonstrate a meritorious basis to challenge [his] right to qualified immunity." (Doc. 14, at 1.) He states that the court should require such a response when qualified immunity is at issue, to protect the underlying concerns of the doctrine, "burdensome discovery and trial proceedings." Id. at 4. In support, Delvecchio cites Goad v. Mitchell, 297 F.3d 497, 504 (6th Cir. 2002), and Crawford-El v. Britton, 523 U.S. 574, 598 (1998). Id.

Bell responds that the motion should be denied. She argues that "the City of Cleveland is, or should be, aware of facts that would preclude the granting of qualified immunity to DelVecchio." (Doc. 17, at 1.) Bell contends that several eyewitness accounts of the disputed events are detrimental to the defendants' version of the facts. Id. at 1-3. She argues that Delvecchio seeks to have the court "preclude all discovery and to have this case decided on the pleadings." Id. at 4. Bell asserts that Delvecchio and the City "have information in their possession that would reveal the information DelVecchio now seeks by way of a reply to his answer." Id. at 5.

In Crawford-El v. Britton, the Supreme Court addressed the specific question of "whether, at least in cases brought by prisoners, the plaintiff must adduce clear and convincing evidence of improper motive in order to defeat a motion for

summary judgment." Crawford-El, 523 U.S. at 577-578. In a Section 1983 action, the prisoner had alleged that correctional officials had deliberately misdirected a shipment of his property in retaliation for the exercise of his First Amendment rights. Id. at 578-579. The D.C. Court of Appeals had adopted a heightened proof standard to reduce availability of discovery "in actions that require proof of motive." Id. at 595. Despite what it characterized as the "relative unimportance of the facts of this particular case," the Court determined to set out "a correct understanding of the relationship between our holding in Harlow v. Fitzgerald, . . . and the plaintiff's burden when his or her entitlement to relief depends on proof of an improper motive." Id. at 584.

Under the Harlow standard, "a defense of qualified immunity may not be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated. Evidence concerning the defendant's subjective intent is simply irrelevant to that defense." Id. at 588. However, "although evidence of improper motive is irrelevant on the issue of qualified immunity, it may be an essential component of the plaintiff's affirmative case." Id. at 589. See generally Saucier, 533 U.S. at 210 (Ginsburg, J., concurring) (intent or motive not relevant to excessive force claim). The critical element of motive, which was at issue in Crawford-El's First Amendment retaliation action, is not present in the case before this court.

It is important to keep this distinction in mind when considering the Supreme Court's discussion involving Rule 7(a):

> It is therefore appropriate to add a few words on some of the existing procedures available to federal trial judges in handling *claims that involve examination of an official's state of mind*.
>
> When a plaintiff files a complaint against a public official *alleging a claim that requires proof of wrongful motive*, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings. The district judge has two primary options prior to permitting any discovery at all. First, the court may order a reply to the defendant's or a third party's answer under Federal Rule of Civil Procedure 7(a), or grant the defendant's motion for a more definite statement under Rule 12(e). Thus, the court may insist that the plaintiff "put forward specific, nonconclusory factual allegations" *that establish improper motive* causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment. This option exists even if the official chooses not to plead the affirmative defense of qualified immunity. Second, if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery. To do so, the court must determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law. *Because the former option of demanding more specific allegations of intent places no burden on the defendant-official*, the district judge may choose that alternative before resolving the immunity question, which sometimes requires complicated analysis of legal issues.

Crawford-El, 523 U.S. at 597-598 (internal citations omitted) (emphasis added).

In Goad v. Mitchell, correctional officers brought suit under Section 1983, alleging retaliation in violation of their First Amendment rights. Goad, 297 F.3d at 499. Goad affirmed that Crawford-El "invalidates the heightened pleading requirement this circuit enunciated in Veney v. Hogan [70 F.3d 917 (6th Cir. 1995)] for civil rights plaintiffs in cases in which the defendant raises the affirmative defense of qualified immunity." Id. at 503. The Goad court noted that the Supreme Court appeared to countenance an exception to the general rule:

7

> . . . in cases in which the plaintiff must prove wrongful motive and in which the defendant raises the affirmative defense of qualified immunity. We emphasize, however, that the Supreme Court in Crawford-El was motivated by the particular problem raised by the conjunction of constitutional claims that require proof of improper motive and the doctrine of qualified immunity . . .

Id. at 504-505. In a case where a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the court may order a reply to the answer under Rule 7(a). Id. at 503-504. Again, such a situation is not before this court in the case at hand.

In an excessive force action, involving the question of qualified immunity, the officer's intent or motive is not determinative. See Saucier, 533 U.S. at 210 (Ginsburg, J., concurring) (underlying intent or motive not relevant). Rather, the issue regarding Officer Delvecchio will be the objective legal reasonableness of his action in view of the circumstances he confronted, assessed in light of clearly established legal rules. Saucier, 533 U.S. at 202, 207; Anderson, 483 U.S. at 639; Dunigan, 390 F.3d at 491. Thus, Crawford-El and Goad are inapposite, and do not support the application of Rule 7(a) to require a reply in this case. See, e.g., Quinn v. City of Kansas City, No. Civ.A. 98-2236, 1998 WL 919129, at *2-*3 (D. Kan. Nov. 6, 1998) (rejecting application of Crawford-El; excessive force case does not require proof of unlawful motive, but rather objective reasonableness).

Delvecchio's motion seeks to move the complaint beyond the "short and plain statement" requirements of Civil Rule 8(a). (Doc. 14, at 5.) He requests that the court order a reply which sets forth "specific facts (not conclusory allegations) that

8

demonstrate a genuine issue of fact regarding Officer Delvecchio's right to qualified immunity at this time." Id. at 6. Essentially, Delvecchio seeks to impose a summary judgment standard under Rule 56 onto the initial pleadings of this case.

Moreover, Delvecchio implies that the complaint is insufficient in that it does not reflect the version of facts as set forth in his answer. See doc. 14, at 1-3 (citing answer), and 5. The court reads the complaint as alleging specific facts, not merely conclusory allegations. See, e.g., doc. 1, at ¶¶ 9 (after fleeing, "Henry eventually stopped, turned toward the police, and was then brutally shot and killed by Delvecchio"), 9-10 (alleging witness saw Henry shot; disputing that Henry was pointing gun at officer); and 11 (alleging second witness saw portion of incident). While those alleged facts are (not surprisingly) contested at this early stage of the litigation, it is not accurate to say that the complaint contains merely "conclusory allegations."

Delvecchio also cites Delgado v. Webb County, Tex., No. Civ.A. 5:04CV00182, 2006 WL 133468 (S.D. Tex. Jan. 17, 2006), in support of his motion. (Doc. 14, at 5.) In that case, the court ordered a response to the defendant's answer in a Section 1983 action, where the court found the complaint insufficient. See generally Delgado, 2006 WL 133468, at *1 (reciting allegations of complaint). The court ordered a reply containing "facts of sufficient specificity to notify the Defendant of the factual basis of the Plaintiff's claim so as to enable the Defendant to plead qualified immunity." Delgado, 2006 WL 133468, at *9. In contrast, the allegations

9

of the complaint in this case are specific in setting forth a factual scenario (albeit contested) of the shooting. See doc. 1, at ¶¶ 1, 9-11.

The Supreme Court has consistently rejected heightened pleading standards not required by the Federal Rules themselves. Last year, the Court rejected the Sixth Circuit's requirement that prisoners plead and demonstrate exhaustion in complaints under the Prison Litigation Reform Act. Jones v. Bock, 127 S.Ct. 910 (2007). The Court noted:

> In a series of recent cases, we have explained that courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns. Thus, in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), we unanimously reversed the [Fifth Circuit] court of appeals for imposing a heightened pleading standard in § 1983 suits against municipalities. We explained that "[p]erhaps if [the] Rules ... were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement .... But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." Id., at 168, 113 S.Ct. 1160.
>
> In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), we unanimously reversed the court of appeals for requiring employment discrimination plaintiffs to specifically allege the elements of a prima facie case of discrimination. We explained that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits," and a "requirement of greater specificity for particular claims" must be obtained by amending the Federal Rules. Id., at 515, 122 S.Ct. 992 (citing Leatherman). And just last Term, in Hill v. McDonough, 547 U.S. ----, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), we unanimously rejected a proposal that § 1983 suits challenging a method of execution must identify an acceptable alternative: "Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts." Id., at ----, 126 S.Ct. 2096 (slip op., at 8) (citing Swierkiewicz).

Jones, 127 S.Ct. at 919-920.

The Court in Swierkiewicz stated that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," such as that mandated by Rule 9(b) in cases of fraud or mistake. Swierkiewicz, 534 U.S. at 513. Thus, the Court held that a plaintiff in an employment discrimination suit need not plead a prima facie case of discrimination. Id. at 515.

Although the court must look to the complaint when evaluating an assertion of qualified immunity in an excessive force action, "there is no heightened pleading requirement for such claims." Goad, 297 F.3d at 502 (citing cases); Pettway v. Renico, Case No. 01-10206, 2003 WL 22002430, at *7 (E.D. Mich. Aug. 1, 2003). Rather, in evaluating claims of qualified immunity, the court is "required at the outset to assume that the allegations contained in the complaint are true." Pettway, 2003 WL 22002430, at *7 (citing Saucier, 533 U.S. at 201). See generally Jackson v. Schultz, 429 F.3d 586, 589 (6th Cir. 2005) (citing Cooper v. Parrish, 203 F.3d 937, 944 (6th Cir.), cert. denied, 531 U.S. 877 (2000)) (court may dismiss § 1983 complaint "only if it is clear that no violation of a clearly established constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings").

In summary, Crawford-El and Goad do not support the application of Rule 7(a) to require a reply in this case. In a related matter, Officer Delvecchio has notified the court of his intention to file a motion regarding discovery and qualified immunity. (Doc. 19, at 2, ¶ 7a.) No such motion has yet been filed, and the

discovery issue is not before the undersigned magistrate judge, thus no discussion on discovery is warranted at this point.

The motion for an order (doc. 14) under Civil Rule 7(a), directing plaintiff to file a reply to defendant's Delvecchio's answer is DENIED.

IT IS SO ORDERED.

Feb. 19, 2008     /s/ Kenneth S. McHargh
          Kenneth S. McHargh
          United States Magistrate Judge