**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CAROL BELL,**           ) | **CASE NO.1:07CV3224** |
|                                           ) | |
| **Plaintiff,**     ) | **JUDGE CHRISTOPHER A. BOYKO** |
|                                           ) | |
| **Vs.**              ) | |
|                                           ) | |
| **CITY OF CLEVELAND, ET AL.,**  ) | **ORDER** |
|                                           ) | |
| **Defendant.**  ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Motions for Leave to File Affidavit (ECF #45) and Leave to Supplement Affidavits (ECF #46). For the following reasons, the Court denies Plaintiff's Motions, in part, and grants, in part.

On February 22, 2008, Defendant Richard A. Delvecchio filed a Motion for Summary Judgment based, in part, on qualified immunity. Plaintiff moved the Court for additional time to complete limited discovery in order to respond to Defendant's Motion pursuant to Fed. R. Civ. P. 56(f) and the Court granted Plaintiff's Motion. On November 27, 2008, Plaintiff filed her Brief In Opposition to Defendant's Motion for Summary Judgment. In support of her Brief in Opposition, Plaintiff attached two witness affidavits. One affiant stated the events described were "true to the best of his information and belief." The other affiant stated, "the following is true as he believes." Defendant did not move to strike the affidavits; rather, Defendant argues in his Reply to the Brief in Opposition that such affidavits do not comport with the requirements of Fed. R. Civ. P. 56(e), and cannot create issues of fact because they are not based upon personal knowledge. Defendant further argues that one affidavit fails to attest to the competency of the

affiant to testify. Plaintiff now seeks to have the Court deem the affidavits as based on personal and/or leave to supplement the affidavits to be based on personal knowledge and to include the age of the affiant.

Fed. R. Civ. P 56(e)(1) states:

> **(1) *In General.*** A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

It was only after Defendant complained of the problems with Plaintiff's affidavits that Plaintiff sought to supplement. Plaintiff's counsel attests he mistakenly drafted the affidavits with the information and belief language. Defendant opposes the Motions arguing that changing the affidavits from "belief" and "information" to "personal knowledge" creates contradictory testimony that cannot create an issue of fact.

Defendant does not object to Plaintiff's supplementing the affidavit of M.S. to include his age and the Court grants Plaintiff's Motion to Supplement M.S.'s affidavit for the limited purpose of establishing his competency. The affidavit is deemed filed instanter. The Court denies Plaintiff's Motion for Leave to Supplement the affidavits to reflect they are based on personal knowledge as moot. The Sixth Circuit has held, "Whether an affidavit meets the requirements of personal knowledge and competence can be inferred from its contents." *Jacobs v. Wilkinson*, 156 F.3d 1230 (Table) (6th Cir. 1998) citing *Barthelemy v. Air Line Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir.1990) (per curiam). Here, applying a general rule of construction that the specific controls the general, both affidavits clearly state the affiants saw the events they describe. This does not require the Court to infer personal knowledge; rather, they expressly

attest personal knowledge, at least in part, as eyewitnesses of the shooting.  Therefore, the Court finds the affidavits are based on personal knowledge insofar as the affiant states he personally witnessed the event. The Court will not consider any portion of the affidavits that are based on speculation or conjecture. The Court grants, in part, Plaintiff's Motion for Leave to Supplement Affidavits and deems the affidavit of M.S. as Supplemented only insofar as it includes his age.

IT IS SO ORDERED.

 s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

February 3, 2009