**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROL BELL, ETC.,** | ) | **CASE NO.1:07CV3224** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CITY OF CLEVELAND, ET AL.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Cuyahoga Metropolitan Housing Authority's ("CMHA") Unopposed Motion to Dismiss (ECF# 29) and Motion for Judgment on the Pleadings (ECF #30).  For the following reasons, the Court grants Defendant's Motion for Judgment on the Pleadings and dismisses Defendant CMHA.

On October 19, 2007, Plaintiff filed her Complaint with this Court alleging Plaintiff's decedent was killed by a Cleveland police officer on October 21, 2006, without justification. Plaintiff's Complaint alleges several causes of action against Defendant City of Cleveland and its employees but alleges only one cause of action against Defendant CMHA for spoliation of

1

evidence under state law.[1] On May 2, 2008, Defendant CMHA filed its Motion to Dismiss, contending this Court lacked subject matter jurisdiction over Plaintiff's spoliation of evidence claim against CMHA. That same day, Defendant CMHA filed its Motion for Judgment on the Pleadings, contending CMHA is immune from suit. The Court granted Plaintiff until February 19, 2009 to file her Opposition. As of the date of this opinion, no Opposition, nor motion for an extension, has been filed.

## Standard of Review

Although Defendant's Motions are unopposed, the Court must still examine whether the movant has met its burden before it may grant the relief request. The Sixth Circuit has stated, "the movant must always bear this initial burden regardless if an adverse party fails to respond." *Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir.1991).

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer*, 284 F.Supp. 2d 799, 802 (N.D. Ohio 2003). Therefore, as with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be

---

[1] Plaintiff has not pled, nor is this Court aware of, an independent federal cause of action for spoliation of evidence.

"plausible," not merely "conceivable." *Id.* Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). A rule 12(c) motion "is granted when **no material issue of fact** exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added).

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merits. *Cacevic, Id.*

## ANALYSIS

Plaintiff's Complaint acknowledges "CMHA is a political subdivision of the State of Ohio. (Complaint pg.4). In its Seventh Claim for Relief (Spoliation), Plaintiff contends:

> CMHA and Cleveland intentionally and willfully interfered with, destroyed and/or spoliated relevant evidence knowing that litigation by Mrs. Bell was probable. The conduct of CMHA and Cleveland was willful and was executed with the intent to disrupt Mrs. Bell's probable case. As a direct and proximate result of Defendants' conduct, Mrs. Bell's case was disrupted. CMHA and Cleveland were, at all times relevant, acting under color of state law.

In *Smith v. Howard Johnson Company, Inc.,* (1993) 67 Ohio St.3d 28, 29, the Ohio Supreme Court described the elements of a spoliation claim under Ohio law,

> (1) A cause of action exists in tort for interference with or destruction of evidence; (2a) the elements of a claim for interference with or destruction of evidence are (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that

3

litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts;

Defendant contends Plaintiff's Complaint fails to state a claim upon which relief may be granted because Defendant, as a political subdivision of the State of Ohio, is immune from suits sounding in negligence by state statute as set forth in Ohio Revised Code 2744.02(A)(1) and (2), and Plaintiff's Complaint fails to allege facts exempting Defendant from such immunity.

O.R.C. §2744.02 states:

§2744.02 Political subdivision not liable for injury, death, or loss; exceptions

(A)(1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

(2) The defenses and immunities conferred under this chapter apply in connection with all governmental and proprietary functions performed by a political subdivision and its employees, whether performed on behalf of that political subdivision or on behalf of another political subdivision.

Defendant CMHA contends none of the exceptions to immunity apply and furthermore, Plaintiff has failed to allege any facts demonstrating an exception to CMHA's statutory immunity. Also, Defendant contends O.R.C. § 2477.02(b) exempts negligent acts, with some exceptions, from statutory liability. There is no exception from immunity for intentional acts.

The Court finds Plaintiff has alleged an intentional tort against CMHA, only. O.R.C. § 2744.03(A)(2) holds that political subdivisions are immune from claims alleging conduct that is "other than negligent." As another judge within this district recently held, " Relying upon this statutory language, Ohio courts consistently have held that political subdivisions are immune

4

from intentional tort claims." *Smiley v. Cuyahoga Metropolitan Housing Authority,* 1:06 CV 1936, unreported at pg. 7 (N.D. Ohio April 25, 2008) quoting *Sabulsky v. Trumball County,* 2002 WL 31886686, ¶14 (Ohio App. 11th Dist. 2002). See also *Wilson v. Stark Cty. Dept. of Human Services* (1994), 70 Ohio St.3d 450; *Chase v. Brooklyn City Sch. Dist.* (2001), 141 Ohio App.3d 9. *Daniel v. Cleveland Municipal School District,* 2004 WL 1945688 ((Ohio App. 8th Dist. 2004).

Because Ohio law is clear that political subdivisions are immune from intentional tort claims and Plaintiff's spoliation claim states such spoliation was intentional and willful, the Court grants Defendant's unopposed Motion for Judgment on the Pleadings on Plaintiff's claim of Spoliation against Defendant CMHA and dismisses such claim with prejudice.  Because the Court has determined it has jurisdiction to rule on the Motion for Judgment on the Pleadings and has dismissed Plaintiff's claim against CMHA on CMHA's Motion for Judgment on the Pleadings, CMHA's Motion to Dismiss is denied as moot.

IT IS SO ORDERED.

  S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

March 3, 2009